**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
KIM L. TAFOLLA,

                        Plaintiff,

          - against -

COUNTY OF SUFFOLK, EDWARD HEILIG, and
JOSEPH CARROLL,

                        Defendants.
----------------------------------------------------------------X

**ORDER**

CV 17-4897 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      The Court has reviewed the June 28, 2019 letter from Defendants' counsel concerning her conversation with AUSA Gatz regarding the backup tapes at issue. *See* DE 52. It appears that the tapes can be restored by vendor KLDiscovery, but at a significant cost. That cost encompasses the search of three custodians, 21 backup tapes, and 18 mailboxes at an estimated cost of $26,430.

      With regard to the cost of production, the general rule is that the responding party bears all such costs. *See Rowe Entm't, Inc. v. William Morris Agency, Inc.*, 205 F.R.D. 421, 429 (S.D.N.Y. 2002) (recognizing the "well-established legal principle . . . that the responding party will pay the expenses of production"); *Novick v. AXA Network, LLC*, No. 07 CIV. 7767, 2013 WL 5338427, at *3 (S.D.N.Y. Sept. 24, 2013) ("The presumption is that the responding party must bear the expense of complying with discovery requests, but he may invoke the district court's discretion under Rule 26(c) to grant orders protecting him from 'undue burden or expense' in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery.") (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358, 98 S. Ct. 2380, 2393, 57 L. Ed. 2d 253 (1978)); *Wood v. Capital One Servs., LLC*, No. 09-CV-1445,

2011 WL 2154279, at *4 (N.D.N.Y. Apr. 15, 2011) ("Ordinarily the presumption is that the party whose ESI is being sought during discovery must bear the expense of complying with the discovery request, just as is the case with regard to any other more traditional discovery."); *Quinby v. WestLB AG*, 245 F.R.D. 94, 101 (S.D.N.Y. 2006) (same); *Hallmark v. Cohen & Slamowitz, LLP*, No. 11-CV-842, 2016 WL 1128494, at *3 (W.D.N.Y. Mar. 23, 2016) ("[I]n federal civil discovery it is presumed that a responding party will bear the expense of production.").

Notwithstanding operation of the general rule, a court may, under limited circumstances, consider "cost-shifting" of such production expenses to the requesting party. *See Wood*, 2011 WL 2154279, at *4 (recognizing that "[i]n some cases, however, it is appropriate to shift all or some costs of producing discovery to the requesting party"). However, such a deviation "should be considered *only* when electronic discovery imposes an 'undue burden or expense' on the responding party." *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 318 (S.D.N.Y. 2003) (emphasis in original); *see Quinby*, 245 F.R.D. at 101; *Novick*, 2013 WL 5338427, at *4; *Wood*, 2011 WL 2154279, at *4 (cost-shifting appropriate only where "compliance demands would impose undue burden or expense on a responding party"). Likewise, "whether production of documents is unduly burdensome or expensive turns primarily on whether it is kept in an *accessible or inaccessible* format (a distinction that corresponds closely to the expense of production)." *Zubulake*, 217 F.R.D. at 318 (emphasis in original); *see Novick*, 2013 WL 5338427, at *4. It follows that "[f]or data that is kept in an accessible format, the usual rules of discovery apply: the responding party should pay the costs of producing responsive data. A court should consider cost-shifting *only* when electronic data is relatively inaccessible, such as in backup tapes." *Zubulake*, 217 F.R.D. at 324 (emphasis in original); *Novick*, 2013 WL 5338427,

at *4. Generally, "[d]ata that is 'accessible' is stored in a readily usable format that 'does need to be restored or otherwise manipulated to be usable.' Conversely, data that is 'inaccessible' is not readily useable and must be restored to an accessible state before the data is usable." *Quinby*, 245 F.R.D. at 102 (quoting *Zubulake*, 217 F.R.D. at 320).

Here, the Court finds that the data at issue is not readily accessible since it is in a format that needs to be restored or otherwise manipulated to be usable. Given the particular circumstances of this case and the status of the data, cost-sharing is appropriate. Therefore, if plaintiff wishes to pursue the restoration of the tapes set forth in the vendor estimate, the Court will apportion the costs for doing so. Plaintiff will be responsible for 30% of the cost while defendants will be responsible for 70%. The Court is not requiring the parties to have the tapes restored. Rather, the Court is simply apportioning the costs if the parties decide to proceed. Counsel are directed to confer and to notify the Court by July 16, 2019 how they wish to proceed.

**SO ORDERED.**

Dated: Central Islip, New York
July 8, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge