```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KIM L. TAFOLLA,

                           Plaintiff,
                                                                        ORDER
             - against -
                                                                        CV 17-4897 (JS) (AKT)
COUNTY OF SUFFOLK, EDWARD HEILIG, and
JOSEPH CARROLL,

                           Defendants.
----------------------------------------------------------------X
```

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

The Court has reviewed the Defendants' motion for Plaintiff's federal and New York state tax returns for the years 2012 – 2018 [DE 44], along with Plaintiff's opposition [DE 56]. Defendants contend Plaintiff's tax returns are relevant to her claim for "loss of income" and "loss of salary" in this disability discrimination suit and argue they are entitled to her tax returns because (1) the information is not readily available from a less intrusive source, and (2) the information will show that Plaintiff was receiving lost wages under a no-fault insurance policy which should be deducted from any final damages award. As to the unavailability of the information, Defendants argue that Plaintiff has likely not produced all of her W-2s and the information is thus not available from these documents. Plaintiff in turn argues that her W-2s provide information as to her income except as to her no-fault insurance benefits, production of which is precluded by the "collateral source" rule.

While a litigant's tax returns are not privileged as a general matter, "courts generally are reluctant to order the production of personal financial documents and have imposed a heightened standard for the discovery of tax returns." *Hawkins v. MedApproach Holdings, Inc.*, 326 F.R.D. 391, 393 (S.D.N.Y. 2018) (citing *Chen v. Republic Rest. Corp.*, No. 07-CV-3307, 2008 WL

793686, at *2 (S.D.N.Y. Mar. 26, 2008)). "A party seeking to compel production of tax returns in civil cases must meet a two-part test: 'first, the court must find that the returns are relevant to the subject matter of the action; and second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.'" *Hawkins*, 326 F.R.D. at 393 (quoting *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 11 (S.D.N.Y. 2015)).

As to the first prong of this test, the Court finds that Plaintiff's tax returns may be relevant to her claim for damages. *See Michelman v. Ricoh Americas Corp.*, No. 11-CV-3633, 2013 WL 664893, at *2 (E.D.N.Y. Feb. 22, 2013) (finding in action brought under the ADEA that "Plaintiff's tax returns are relevant to her claim for backpay and to mitigation of damages"). As to the second prong of the test, the Court construes Plaintiff's arguments to essentially state that the eight (8) W-2s she has turned over to Defendants for the years 2014-2018 show her income with the exception of income she received from the no-fault insurance policy. This no-fault income, she argues, should be beyond discovery. The Court accepts Plaintiff's representation that information about her income – with the exception of the no-fault benefits – is available in the documents she has turned over to Defendants. However, the Court finds that information as to her no-fault benefits is also relevant to her claim for damages and is not beyond discovery. Specifically, it is reasonable to assume that Plaintiff would be unable to claim front or back pay for periods of time she was receiving no-fault benefits due to her inability to work arising from a car accident. *See Hampson v. State Farm Mut. Auto Ins. Co.*, No. 12-CV-258, 2015 WL 12733388, at *4 (N.D.N.Y. Oct. 22, 2015) ("It is settled law that plaintiff cannot recover front or back pay for periods for which she is unable to work due to a disability.") (citing *Schlant v. Victor Belata Belting Co.*, No. 94-CV-0915, 2000 WL 1737945, at *1 (W.D.N.Y. Nov. 9, 2000)); *Morse v. JetBlue Airways Corp.*, No. 09-CV-5075, 2014 WL 2587576, at *4

(E.D.N.Y. June 9, 2014) (explaining that SSDI benefits are incompatible with awards of back and front pay under the ADA, "which may only be awarded where a plaintiff suffered losses as a result of defendant['s] discrimination") (quotation marks omitted). And Plaintiff admits that "[her] [ ] no-fault benefits were paid arising from the automobile accident on November 25, 2013." DE 56 at 3. As a result, because information as to Plaintiff's no-fault benefits may be relevant and is not contained in the documents turned over to Defendants, namely, her W-2s, the Court finds Plaintiff's tax returns are appropriately discoverable in these specific circumstances. However, the Court also points out that just because the documents are discoverable, this does not mean they are admissible.

Plaintiff is directed to produce to Defendants her federal and state tax returns for the years 2013 through 2018. In light of the Court's ruling here and the joint status letter filed at DE 57, the parties have sixty (60) days from the issuance of this Order to complete fact discovery.

**SO ORDERED.**

Dated: Central Islip, New York
September 12, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge