**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
KIM L. TAFOLLA,

                    Plaintiff,

          -against-                         **ORDER**

                                      CV 17-4897 (JS) (AKT)

COUNTY OF SUFFOLK, EDWARD HEILIG, and
JOSEPH CARROL,

                    Defendants.
----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       The Court has reviewed Plaintiff's motion seeking clarification of the Court's previous Order [*see* DE 58] granting Defendants' motion to compel the production of Plaintiff's federal and state tax returns for the 2012 through 2018 tax years. *See* DE 59. Defendants sought Plaintiff's tax returns to assess her claim for damages based on loss of income and salary. *See* DE 55. Among other things, Defendants argued that Plaintiff confirmed at her deposition that she received no-fault benefits under her insurance policy for lost wages which are relevant to her claim for damages. *See id*. Implicit in Defendants' argument was an assertion that the tax returns requested contained information regarding Plaintiff's no-fault benefits. In opposing the motion, Plaintiff did not argue that the requested tax returns lacked information regarding Plaintiff's no-fault benefits. *See* DE 56. Instead, Plaintiff argued that the "collateral source" rule should preclude the production of any documents regarding her no-fault benefits. *Id*. at 2-3.

       After considering the parties' positions, the Court found that the "information as to [Plaintiff's] no-fault benefits is … relevant to her claim for damages and is not beyond discovery" because "it is reasonable to assume that Plaintiff would be unable to claim front or

back pay for periods of time she was receiving no-fault benefits due to her inability to work arising from a car accident." *See* DE 58 at 2-3 (citing *Hampson v. State Farm Mut. Auto Ins. Co.*, No. 12-CV-258, 2015 WL 12733388, at *4 (N.D.N.Y. Oct. 22, 2015) ("It is settled law that plaintiff cannot recover front or back pay for periods for which she is unable to work due to a disability."); *Morse v. JetBlue Airways Corp.*, No. 09-CV-5075, 2014 WL 2587576, at *4 (E.D.N.Y. June 9, 2014) (explaining that SSDI benefits are incompatible with awards of back and front pay under the ADA, "which may only be awarded where a plaintiff suffered losses as a result of defendant['s] discrimination")). Accordingly, the Court directed Plaintiff to produce her federal and state tax returns for the 2013 through 2018 tax years. *Id*. at 3.

In the instant motion, Plaintiff's counsel contends that Plaintiff "is ready to comply and produce to Defendants her federal and state tax returns." DE 59 at 1. However, "after review of the returns and further research on the applicable law, disability benefits under a no-fault car insurance policy for loss of income or earning capacity [] are not taxable" and thus "not reported on a return." *Id.* Plaintiff's counsel cites Internal Revenue Service ("IRS") Publication 907, Cat. No 15308H (Jan. 9, 2019), which states, in relevant part, that "[d]isability benefits under a 'no-fault' car insurance policy for loss of income or earning capacity as a result of injuries" are "not taxable." *See* DE 59. Consequently, Plaintiff did not report her no-fault benefits on her tax returns and seeks clarification as to whether she must still produce the subject tax returns in accordance with the Court's September 12, 2019 Order. *Id.* at 2.

In response, Defendants argue that while no-fault benefits might not be reflected in Plaintiff's tax returns, other discoverable documentation concerning her no-fault lost wages exist and should be produced. *See* DE 60 at 2. In fact, following Plaintiff's deposition, Defendant's counsel sought "[c]opies of all records reflecting payments for lost wages paid to Kim Tafolla

2

from GEICO arising from the November 25, 2013 automobile accident." *Id*. at 1.  Defendants maintain that any records relative to Plaintiff's receipt of no-fault benefits are discoverable and relevant in assessing her claims for loss of income and loss of salary.  *Id*. at 2.  Defendants also point out that Plaintiff began receiving long term disability benefits from the County of Suffolk sometime in 2014 and that such benefits are not identified as "not taxable" in the IRS Publication 907 relied upon by Plaintiff.  *Id*. at 3.  Defendants cite the IRS's responses to frequently asked questions, which provides that a filer "must report as income any amount … receive[d] for … disability through an accident or health insurance plan paid for by [the filer's] employer."  *See* DE 60 at 2-3; DE 60-1.  Consequently, Defendants' contend that the requested tax returns are still relevant to Plaintiff's claim for damages notwithstanding her assertion that they do not contain any information regarding her no-fault benefits.  *Id.*

At the outset, the Court points out that although Plaintiff's motion is styled as one that "seeks clarification" of the Court's September 12, 2019 Order, the motion is plainly an application for reconsideration based on theories and facts not previously presented to the Court for consideration.  Since the Court's September 12, 2019 Order was not a final order, Federal Rule of Civil Procedure 54(b) governs the instant motion.  For non-final orders, Rule 54(b) allows for reconsideration in the district court's equitable discretion.  *See, e.g., Buczakowski v. 1199SEIU*, No. 18-CV-0812, 2020 WL 2092480, at *2 (N.D.N.Y. May 1, 2020); *Kaplan v. City of New York*, No. 14-CV-4945, 2018 WL 2084955, at *5 (S.D.N.Y. Mar. 22, 2018); *Vicuna v. O.P. Schuman & Sons, Inc.,* 298 F. Supp. 3d 419, 432 (E.D.N.Y. 2017); *Raymond v. Mid-Bronx Haulage Corp.,* No. 15-CV-5803, 2017 WL 9882601, at *1 (S.D.N.Y. June 10, 2017).  Motions under Rule 54(b) are subject to the law of the case doctrine.  *Buczakowski,* 2020 WL 2092480, at *2 (citing *In re Rezulin Liability Litigation ("In re Rezulin")*, 224 F.R.D. 346, 349 (S.D.N.Y.

3

2004)). This means that the decisions referenced in Rule 54(b) "may not usually be changed unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *Official Comm. of Unsecured Creditors of the Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F. 3d 147, 167 (2d Cir. 2003) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F. 2d 1245, 1255 (2d Cir. 1992)); *see also Jordan v. Tucker, Albin & Assocs.*, No. 13-CV-6863 , 2018 WL 4259987, at *2 (E.D.N.Y. Sept. 6, 2018) (An "interlocutory order may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.") (internal quotations omitted).

Consequently, "[t]he standard for granting [a reconsideration motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Pall Corp. v. 3M Purification Inc.,* No. 03-CV-0092, 2015 WL 5009254, at *1 (E.D.N.Y. Aug. 20, 2015) (quotations omitted and alteration in original) (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)). "It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F. 3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (quotations omitted). "A party seeking reconsideration may . . . no[t] advance new facts, issues or arguments not previously presented to the Court." *Bishop v. Cty. of Suffolk*, No. 13-CV-446, 2018 WL 4623016, at *2 (E.D.N.Y. Sept. 25, 2018) (quoting *In re Facebook, Inc., IPO Sec. & Deriv. Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014)).

4

"Reconsideration 'is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016)). "The decision to grant or deny a motion for reconsideration lies within the discretion of the district court." *Jordan*, 2018 WL 4259987, at *2 (citing *Devlin v. Transp. Comm'ns Int'l Union*, 175 F. 3d 121, 132 (2d Cir. 1999)).

The Court notes that Plaintiff's motion is untimely under Local Rule 6.3, which provides that motions for reconsideration "shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." *See* Local Rule 6.3. Nonetheless, the Court in its discretion given the timing of this Order will consider the merits of Plaintiff's motion. *See* Fed. R. Civ. P. 54(b) (stating that nonfinal judgments "may be revised at any time before the entry of a [final judgment]."); *Buczakowski*, 2020 WL 2092480, at *2 (considering an untimely Rule 54(b) motion because it was of an interlocutory order); *Vicuna,* 298 F. Supp. 3d at 432 (same); *Williams v. Cty. of Nassau*, 779 F. Supp. 2d 276, 280 (E.D.N.Y. 2011), *aff'd*, 581 Fed. App'x 56 (2d Cir. 2014) (same). Here, Plaintiff contends that "after review of the returns and further research on the applicable law, disability benefits under a no-fault car insurance policy for loss of income or earning capacity [] are not taxable" and thus "not reported on a return." DE 59 at 1. The Court points out that Plaintiff did not previously raise this argument for timely consideration, despite having the opportunity to do so in her prior briefing. It is well-settled that a party is "barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so. In other words, a party may not advance new facts, issues or arguments not previously presented to the Court on a motion for reconsideration." *Berg v. Kelly*, 343 F. Supp. 3d 419, 424 (S.D.N.Y.

2018) (internal quotations omitted) (collecting cases). Since Plaintiff seeks reconsideration of the Court's September 12, 2019 Order based on new facts and arguments not previously presented to the Court, her motion is DENIED. *See Shrader v. CSX Transp., Inc.* 70 F. 3d 255, 257 (2d Cir. 1995) (noting that a "motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided"); *Rockland Exposition, Inc. v. Alliance of Automotive Serv. Providers of New Jersey*, 894 F. Supp.2d 288, 339 (S.D.N.Y. 2012) ("[I]f the movant had the opportunity to present the evidence or litigate the issue earlier but did not do so, either because of inadvertence or as a strategic maneuver, the Rule 54(b) motion should be denied.").

Even if the Court were to consider Plaintiff's new arguments and facts, her tax returns may still be relevant to Plaintiff's claim for damages notwithstanding her assertion that they lack information regarding her no-fault benefits. According to the Defendants, the requested tax returns contain information regarding her long-term disability benefits, which may be relevant to Plaintiff's claims for damages, if it is ultimately found that the Defendants may introduce this evidence to offset Plaintiff's alleged entitlement to front or back pay. *Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers,* 362 Fed. App'x 212, 217 (2d Cir. 2010) ("[T]he decision whether or not to deduct unemployment benefits from a Title VII back pay award rests in the sound discretion of the district court.") (quoting *Dailey v. Societe Generale*, 108 F.3d 451, 460 (2d Cir. 1997); *see Morse,* 2014 WL 2587576, at *4 (finding that plaintiff was not entitled to front and back pay during the period she received SSDI benefits); *but see Tse v. New York Univ.,* 190 F. Supp. 3d 366, 371 (S.D.N.Y. 2016) (declining to preclude or offset plaintiff's back pay during period she received long term disability and SSDI benefits). The parties are reminded that "a request for discovery is considered relevant if there is a possibility that the information

6

sought may have a bearing on *any party's* claim or defense." *MacCartney v. O'Dell*, No. 14-CV-3925, 2018 WL 5023947, at *2 (S.D.N.Y. Oct. 17, 2018) (emphasis in original) (internal quotation omitted). "Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial." *Vaigasi v. Solow Mgmt. Corp.*, No. 11 CIV 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016). "Rule 26(b)(1) 'authorizes discovery of any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *Lee v. W Architecture & Landscape Architecture, LLC,* No. 18-CV-05820, 2019 WL 8503358, at *2 (E.D.N.Y. Apr. 30, 2019) (quoting *Garcia v. Benjamin Group Enter. Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011)).

Accordingly, Plaintiff is directed to produce, in redacted form, the requested tax returns within 21 days of this Order. Plaintiff shall redact from the returns all information except any entries relating to Plaintiff's long-term disability benefits, adjusted gross income and taxes due and owing if any (or the refund to be made to Plaintiff if any). Since the tax returns do not contain any information regarding Plaintiff's no-fault benefits, she is further directed to produce any other documents reflecting the no-fault benefits she received from GEICO arising from the November 25, 2013 automobile accident. That production is also to be made within 21 days of this Order.

Further, the Court notes that in opposition to Plaintiff's motion, the Defendants attempted to boot-strap a request to compel the production of Plaintiff's "applications for Long Term Disability Benefits, Short Term Disability Benefits and Social Security Disability Income (SSDI) and any documentation in support of those applications, for the period November 2013 to present." *See* DE 60 at 3. Any request for action by the Court must be filed as a letter motion or

7

the application will be returned to counsel without action.[1] Following this procedure ensures that the non-moving party has the opportunity to oppose the requested relief as contemplated by Section III of this Court's Individual Practice Rules. Otherwise, as would have been the case here, any opposition by the non-moving party must be filed as a reply brief which is expressly prohibited by applicable caselaw as well as Section III of this Court's Individual Rules. Accordingly, Defendants request is DENIED, without prejudice.

**SO ORDERED.**

Dated: Central Islip, New York
       November 20, 2020

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge

---

[1] Likewise, any further submissions to this Court must conform to full one-inch margin standards or they will be rejected.

8