UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
KIM L. TAFOLLA,

              Plaintiff,           ORDER
                                  17-CV-4897(JS)(AYS)

    -against-

EDWARD HEILIG, DIVISION CHIEF,
JOSEPH CARROLL, and COUNTY OF
SUFFOLK,
              Defendants.
-------------------------------X

APPEARANCES
For Plaintiff:    Joshua Friedman, Esq.
                  Phillips & Associates, Attorneys at Law, PLLC
                  45 Broadway, 28th Floor
                  New York, New York 10006

For Defendants:   Helen M. Benzie, Esq.
                  Law Office of Vincent D. McNamara
                  Tower Square, 1045 Oyster Bay Road, Suite 1
                  East Norwich, New York 11732

SEYBERT, District Judge:

        Presently before the Court are motions in limine filed by Plaintiff Kim Tafolla ("Plaintiff") and Defendants Edward Heilig ("Heilig"), Joseph Carroll ("Carroll"), and County of Suffolk (individually, "Suffolk" or the "County" collectively with Heilig and Carroll, "Defendants"). (See Pl.'s Motion, ECF No. 109; Defs.' Motion, ECF No. 111; collectively with Pl.'s Motion, the "Motions"; see also Pl.'s Support Memo, ECF No. 109-1; Defs.' Support Memo, ECF No. 111-22.) The parties have also filed

1

respective oppositions to the Motions, and Defendants filed an additional reply brief.[1]  (Defs.' Opp'n, ECF No. 115; Pl.'s Opp'n, ECF No. 116; Defs.' Reply, ECF No. 117.) For the following reasons, the Motions are respectively GRANTED in part and DENIED in part.

**BACKGROUND**

I.    FACTS

The Court assumes the parties' familiarity with the factual background giving rise to this employment action (hereinafter, the "Action").  See Generally Tafolla v. Heilig, 80 F.4th 111 (2d Cir. 2023).  However, for context and convenience, the Court briefly reiterates the relevant facts.

Plaintiff was a Clerk Typist in the Suffolk County District Attorney's Office (the "District Attorney's Office") from 2008 until her termination in 2015.  Tafolla, 80 F.4th at 114. Her position involved "'general office duties,' including answering calls, typing various legal documents, [] photocopying," and, to a disputed extent, archiving.  Id. at 115.  On November 25, 2013, Plaintiff "suffered a spine injury when her vehicle was rear-ended at a stoplight" (hereinafter, the "Accident").  Id.; (Pl.'s Support Memo at 1.) On December 6, 2013, Plaintiff asked Carroll, her supervisor, whether another employee could temporarily perform her archiving responsibilities due to her

---

[1] Plaintiff did not file a reply brief.

Accident-related soreness (hereinafter, the "First Request").  Id. On December 10, 2013, after Carroll asked Plaintiff for a doctor's note detailing her relevant restrictions, Plaintiff provided a note instructing "on separate lines, '[n]o lifting over 5 pounds, - [n]o bending, pushing exercises' and that Tafolla would be revaluated in two months.'"  Id. (citation omitted).

Plaintiff alleges Carroll did not react to the First Request until January 7, 2014, when he had an assistant district attorney ask Plaintiff about unarchived files.  Id. at 115.  After Plaintiff told Carroll she could not physically archive due to her injury, Carroll asserted the First Request restricted her only from lifting more than five pounds.  Id. at 115-16.  According to Plaintiff, Carroll warned her that failure to archive could result in transfer or disability leave.  Id. at 116.  Plaintiff subsequently performed some archiving, despite the pain.  Id.  On January 8, Plaintiff "called in sick and had an appointment with her spine surgeon, Dr. Robert M. Galler" ("Dr. Galler"), who issued a doctor's note stating Plaintiff was "was 'unable to lift, bend, twist, or push any object over five pounds' and that she was 'able to perform secretarial work but no physical duties at this time.'"  Id.  When Plaintiff "returned to work on January 9, there were files piled in front of her desk."  Id.

3

On January 14, Plaintiff made a second accommodation request to Human Resources, which affixed Dr. Galler's letter (hereinafter, the "Second Request"). Id. A Human Resources representative responded by telling Plaintiff the County did not offer light-duty assignments and added any accommodation was at Carroll's discretion. Id. Later that day, an employee from the District Attorney's Office's Risk Management department also told Plaintiff the County did not offer light-duty assignments. Id. On January 15, Plaintiff reported to work and was asked to archive once more, leading her to believe the Second Request had been denied. Id. at 117. On January 16, Heilig responded to the Second Request via a memorandum (hereinafter, the "Heilig Memo"), which asserted the First Request had been accommodated by limiting Plaintiff from lifting files over five pounds and that the County did not have light duty assignments. Id. Plaintiff interpreted the Heilig Memo as the denial of the Second Request. Id. The Heilig Memo further explained, if Plaintiff could not archive without restriction, she would need to take medical leave. Id. Plaintiff subsequently left work, took disability leave, and was terminated in 2015. Id.

II.  PROCEDURAL HISTORY

On August 21, 2017, Plaintiff brought this Action. Id. On August 19, 2021, this Court granted Defendants' Motion for

4

Summary Judgment on all claims.  Tafolla v. County of Suffolk, No. 17-CV-4897, 2021 WL 3675042 (E.D.N.Y. Aug. 19, 2021).[2]  On August 18, 2023, the Second Circuit reversed this Court's decision in part, holding a reasonable jury could find: (1) "archiving was not an essential function of" the Clerk Typist position; (2) Defendants did not grant Plaintiff's requested accommodation and "unilaterally ended the interactive process" by issuing the Heilig Memo; and (3) "[D]efendants retaliated against [Plaintiff] for making the accommodation requests."  Id. at 125-26.

Upon remand to this Court, the parties attempted to settle their dispute, to no avail.  (See Generally Case Docket.) Thereafter, after several requested adjournments, a Pretrial Conference was held on November 17, 2025, at which a trial date was scheduled, with jury selection scheduled to commence on April 6, 2026.  (See Nov. 17, 2025 Minute Entry, ECF No. 107.)  Three Motions followed.

## The Motions

I.   In Limine Motions, Generally

As thoroughly explained by Honorable Katherine B. Forrest of the Southern District of New York:

> In limine motions can play an especially important and useful role in a jury trial, allowing the parties to seek rulings in advance as to issues that otherwise may

---

[2] Also found in the Case Docket at ECF No. 78.

require extensive side bars or argument that can interrupt the proceedings. See Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996); accord Highland Capital Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008). Well-grounded in limine motions may also require the parties to sharpen their focus on the real issues in a case and streamline their presentations. See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 517 F. Supp. 2d 662, 666–67 (S.D.N.Y. 2007). . . . The Court's role with regard to such pretrial rulings is grounded in [R]ule 104 of the Federal Rules of Evidence. That rule "requires that a court make a preliminary determination of the admissibility of all evidence." SEC v. Tourre, 950 F. Supp. 2d 666, 675 (S.D.N.Y. 2013). In the context of a pre-trial in limine ruling, challenged evidence "should only be precluded when it is 'clearly inadmissible on all possible grounds.'" (quoting Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc., No. 01 Civ. 3796, 2005 WL 1026515, at *3 (S.D.N.Y. May 2, 2005)). In limine rulings are "necessarily preliminary—and [ ] subject to change when the case unfolds." Id. at 676 (citing Highland Capital Mgmt., 551 F. Supp. 2d at 176; Commerce Funding, 2005 WL 1026515, at *4). "A foundation may be laid contrary to expectations; relevance may appear where previously considered unlikely; the balancing of factors under Rule 403 may change as events in the courtroom drama unfold. The Court recognizes that trials often contain unexpected moments and developments, and[, thus,] the parties should bear those developments in mind when determining whether to drop or re-raise an issue decided by this order." Id.

Luitpold Pharm., Inc. v. Ed. Geistlich Sohne A.G. Fur Chemische

Industrie, No. 11-CV-0681, 2015 WL 5459662, at *1 (S.D.N.Y. Sept.

6

16, 2015); see also Williams v. Geraci, No. 14-CV-5742, 2020 WL 5848738, at *5 (E.D.N.Y. Sept. 30, 2020) (discussing MIL standard).

## II.   Plaintiff's Motion in Limine

Plaintiff argues this Court should exclude six of Defendants' exhibits; Defendants' Support Memo seeks an order affirmatively permitting the same six exhibits.  (Pl.'s Support Memo at 1-6; Defs.' Support Memo at 3.) The Court addresses both parties' arguments below.

### A.   Pre-Accident Archive List

Plaintiff seeks to bar a list of files she purportedly archived between June 14, 2013 and November 8, 2013 (the Pre-Accident Archive List, ECF No. 110-1) on grounds it is not relevant under Federal Rule of Evidence ("Rule") 401 and is unfairly prejudicial under Rule 403.  (Pl.'s Support Memo at 1-2.) The Pre-Accident Archive List is not relevant under Rule 401, Plaintiff contends, because it pre-dates the Accident; does not show whether archiving was an essential job function; and does not bear on Plaintiff's accommodation claims.  (Pl.'s Support Memo at 1-2; Pl.'s Opp'n at 5[3] (citing Altman v. New Pub. Sch. Dist., No. 13-CV-3253, 2017 WL 66326, at *11 (S.D.N.Y. Jan. 6, 2017)).) Under

---

[3] Because Plaintiff's Opposition does not include page numbers, the Court will construe the page with the "Preliminary Statement" heading as Page No. 1.

Rule 403, Plaintiff speculates the Pre-Accident Archive List may cause the jury to incorrectly believe that "because Plaintiff could archive files before [the Accident], she should have continued archiving the files after."  (Pl.'s Opp'n at 4.) Defendants argue the Pre-Accident Archive List is relevant and admissible because, by filing suit,  Plaintiff placed her employment records at issue. (Defs.' Support Memo at 8-9.)

The Court finds Plaintiff's arguments unavailing. First, "'the definition of relevance under [Rule 401] is very broad,' [ . . . ] and as a result, the standard for relevance is 'very low.'"  United States v. Jones, No. 16-CR-0553, 2018 WL 1115778, at *9 (S.D.N.Y. Feb. 27, 2018) (quoting United States v. Certified Envtl. Servs., Inc., 753 F.3d 72, 90 (2d Cir. 2014); United States v. Al- Moayad, 545 F.3d 139, 176 (2d Cir. 2008)). The Pre-Accident Archive List clears this "very low" hurdle.  It could plausibly help the jury to, for example, ascertain whether archiving was essential to the Clerk Typist Position.  Plaintiff's Rule 403 argument is entirely speculative: it identifies no clear basis for unfair prejudice, cites to no authorities, and merely guesses how a jury might perceive the Pre-Accident Archive List. Such guesswork does not provide a basis for exclusion; accordingly, the Court DENIES Plaintiff's Motion as to the Pre-Accident Archive List and GRANTS Defendants' Motion as to the same.

B.    Greenzang Documents

Plaintiff also seeks to exclude two lists of documents archived by Jennifer Greenzang, another Clerk Typist in the District Attorney's Office, between January 7 and January 10, 2014 (ECF Nos. 110-2 and 110-3, (collectively, the "Greenzang Documents")).  (Pl.'s Support Memo at 2-3.) Defendants contend the Greenzang Documents are relevant as "comparator evidence" of the work completed by other Clerk Typists.  (Defs.' Opp'n at 7 (citing Equal Emp. Opportunity Comm'n v. AZ Metro., No. 15-CV-05370, 2020 WL 7404432 at *11 (E.D.N.Y. 2020) (admitting "comparator evidence" where it "relate[s] to those holding positions substantially similar to those of the claimants at or around the time their employment with defendant ended")).) Plaintiff asserts the Greenzang Documents are not suitable comparator evidence because Clerk Typists "were permitted to divide up the various tasks among themselves" and because Plaintiff's disability makes her not "similarly situated" to Greenzang.  (Pl.'s Opp'n at 5-6 (responding to Defendants' comparator evidence argument).)  Plaintiff additionally argues work performed by other employees is: not relevant under Rule 401 because they do not involve Plaintiff; and unfairly prejudicial under Rule 403, because the jury may believe Plaintiff should be able to archive if Greenzang could also archive. (Pl.' Support Mem. at 2-3; Pl.'s Opp'n at 6.)

9

As Plaintiff observes in her Opposition, comparator evidence "must relate to those holding positions substantially similar to those of the claimants at or around the time their employment with defendant ended," and Greenzang is similarly a Clerk Typist. (Pl.'s Opposition at 7 (quoting AZ Metro., 2020 WL 7404432 at *11).) Defendants may accordingly use such materials for comparator purposes. As such, the Greenzang Documents clear the "very low" relevance threshold, and Plaintiff's Rule 403 argument is speculative and unavailing. See Jones, 2018 WL 1115778, at *9. Accordingly, the Court DENIES Plaintiff's Motion on the Greenzang Documents and GRANTS Defendants' Motion on the same.

C.   January 2014 Archive List

Plaintiff also seeks to bar a list of files she allegedly archived in January 2014, which include her purported handwritten notations listing each file's weight (the January 2014 Archive List, ECF No. 110-4). (Pl.'s Support Memo at 3-4.) The January 2014 Archive List, Plaintiff asserts, should be excluded under: (1) Rule 401, because weight notations "are not relevant to whether the accommodation addressed the bending and twisting restrictions;" (2) Rule 403, speculating the document suggests "weight alone determined whether Plaintiff could perform archiving;" and (3) Rule 901(a), as Plaintiff contends the list

lacks foundation and is unclear as to who "recorded the weights, when they were recorded, how the weights were measured, what scale or method was used, and under what circumstances the measurements were taken."  (Id.) Defendants counter that the January 2014 Archive List is relevant to demonstrating Plaintiff's performance of assigned duties and is admissible as a business record under Rule 803(6), but they do not address the foundation argument. (Defs.' Opp'n at 7-8.)

While Defendants are correct in concluding the January 2014 Archive List is relevant—and while Plaintiff has provided an unavailing and speculative Rule 403 argument—Defendants have not meaningfully addressed Plaintiff's foundation argument.  Accord. Jackson v. Dempsey, No. 18-CV-3007, 2026 WL 205979, at *17 (E.D.N.Y. Jan. 27, 2026) (precluding defendants from calling witness because they "did not meaningfully respond" to Plaintiff's preclusion arguments).  Plaintiff's Motion is accordingly GRANTED as to the January 2014 Archive List and Defendants' Motion as to the same is DENIED without prejudice to renew.  If Defendants wish to proffer proper foundation necessary to introduce the January 2014 Archive List, they may seek to do so at trial.

D.    Dierdre Horney Texts

Plaintiff additionally seeks to block admission of an undated text message exchange between Plaintiff and Assistant

11

District Attorney Deirdre Horney ("Horney"), wherein Plaintiff explains: she filed a charge against the Suffolk D.A.'s office for disability discrimination; the injuries stemming from the Accident; and her purported experiences at the D.A.'s office in January 2014. (Horney Texts, ECF No. 110-5, at 1-5.) Plaintiff primarily asserts the Horney Texts are inadmissible because they: (1) lack authentication under Rule 901(a), including because they are undated; (2) will be duplicative of Plaintiff and Horney's live testimony under Rule 611(a)[4]; and (3) are unfairly prejudicial under Rule 403, as the texts "may give undue weight to out-of-court statements that are not subject to contemporaneous cross-examination." (Pl.'s Support Memo at 3-5; Pl.'s Opp'n at 7-8 (citing United States v. McPartland, 81 F. 4th 101, 120 (2d Cir. 2023); F.H. Krear & Co. v. Nineteen Named Trs., 810 F.2d 1250, 1258 (2d Cir. 1987)).) Defendants do not meaningfully address these arguments and generally assert Plaintiff put her employment records at issue by bringing the Action. (Defs.' Opp'n. at 6-8.) Because Defendants did not address Plaintiff's arguments on the Horney Texts, Plaintiff's Motion is GRANTED as to their exclusion, and Defendants' Motion is DENIED without prejudice to renew as to the same. See, e.g., Jackson, 2026 WL 205979, at *17.

---

[4] Horney is listed as a potential witness. (See "Proposed Pretrial Order," ECF No. 95 at 5.)

12

E.   <u>Disability Benefits Application</u>

Defendants seek to proffer Plaintiff's April 9, 2014 Suffolk County Disability Benefits Application (the Disability Benefits Application, ECF No. 110-6) to explore potential inconsistencies between Plaintiff's answers on the Disability Benefits Application and her litigation positions. (Defs.' Opp'n at 8.) Plaintiff contends the Disability Benefits Application should be excluded under Rule 401, because: (1) it falls outside of the "relevant" time period of December 2013 through January 2014; (2) there is no true dispute Plaintiff began suffering injuries following the Accident and furnished medical notes in December 2013 and January 2014; and (3) "plaintiff's character is not in issue, either as an essential element of a claim or defense."  (Pl.'s Motion at 5-6; Pl.'s Opp'n at 8-9 (quoting <u>Zubulake v. UBS Warburg, LLC</u>, 382 F. Supp. 2d 536, 541 (S.D.N.Y. 2005)).)  Plaintiff also asserts, without argumentation, that the Disability Benefits Application is unfairly prejudicial under Rule 403.  (Pl.'s Opp'n at 9.)

The Disability Benefits Application includes Plaintiff's own statements about her purported disability shortly after she stopped working at the District Attorney's Office.  Such content more than clears the "very low" relevance hurdle.  <u>Jones</u>, 2018 WL 1115778, at *9.  Plaintiff's "relevant time period" argument is

13

similarly unavailing, as Plaintiff herself is seeking to offer several exhibits post-dating January 2014. (See Proposed Pretrial Order at 9.) Additionally, Plaintiff's argument regarding character evidence is irrelevant, as she cites no authority suggesting inquiry into a witness's potential prior inconsistent statements is inappropriate in this context. Plaintiff's Motion on the Disability Benefits Application is accordingly, DENIED, and Defendants' Motion on the same is accordingly GRANTED.

F.    GEICO Form

Plaintiff also seeks to bar admission of a September 18, 2017 form detailing personal injury protection claim payments from GEICO to Plaintiff (the GEICO Form, ECF No. 110-7). (Pl.'s Support Memo at 5-6.) The GEICO Form is, in Plaintiff's estimation: irrelevant under Rule 401, on grounds the insurance payments are unrelated to the discrimination claims; barred under the "collateral source rule"[5]; and is unfairly prejudicial per Rule 403, based on speculation "[t]he jury may improperly reduce Plaintiff's damages by the amount of insurance payments." (Pl.'s Support Memo at 6-7.) Defendants maintain the GEICO Form includes statements of existing physical condition under Rule 803(3),

---

[5] Plaintiff asserts the collateral source rule prohibits "payments from third-party sources such as insurance should not reduce a plaintiff's recovery" but does not cite to any cases on this point.

14

statements made for medical diagnosis or treatment under Rule 803(4), and is relevant to whether Plaintiff mitigated her damages. (Defs.' Opp'n at 8-9 (citing Bergerson v. N.Y.S. Off. of Mental Health, 526 Fed. Appx. 109, 111 (2d Cir. 2013)).) On the mitigation point, Plaintiff maintains insurance payments are irrelevant because mitigation only "concerns a plaintiff's duty to seek alternate employment after termination." (Pl.'s Opp'n at 10 (citing Bergerson, 526 F. Appx. at 111).)[6]

Plaintiff has failed to meet her burden to demonstrate the GEICO Form "is clearly inadmissible on all potential grounds." United States v. Paredes, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). Although Plaintiff appears correct that Bergerson—which both parties rely upon—suggests Plaintiff's mitigation obligations are limited to seeking employment opportunities, she has not shown that the GEICO Form is irrelevant, unfairly prejudicial, or otherwise inadmissible. Bergerson, 526 F. App'x at 111. The GEICO Form bears close enough temporal relation to the Accident such that it is relevant for Rule 401 purposes, and Plaintiff's Rule 403 argument is entirely speculative. Because "development of the factual record at trial may make some exhibits relevant in ways

---

[6] In support of her argument, Plaintiff's Support Memo includes a quote purportedly from Redd v. New York State Division of Parole, 923 F. Supp. 2d 393, 399 (E.D.N.Y. 2013), although the quoted language does not actually appear in the opinion.

the Court cannot currently predict," the Court declines to take the extreme step of preclusion. See Jackson, 2026 WL 205979, at *10. The Court accordingly DENIES Plaintiff's Motion on this point and GRANTS Defendants' Motion on the same.

III. Defendants' Motion in Limine

Defendants' Motion seeks to exclude: (1) certain of Plaintiff's medical records; (2) documents from Plaintiff's pre-lawsuit proceeding with the Equal Employment Opportunity Commission (the "EEOC"); and (3) an excerpt from the Collective Bargaining Agreement between Suffolk County and Suffolk County Municipal Employees, Inc.  (Defs.' Support Memo at 10-15.) Defendants have also requested, without any accompanying argument, that this Court preclude several additional documents.  (Defs.' Support Memo at 4.) Plaintiff opposes Defendants' Motion on these documents; the Court addresses the parties' arguments below.

A.   Disputed Medical Records

Defendants seek to bar Plaintiff from introducing (1) Plaintiff's November 27, 2013 Patient Discharge Summary from Stony Brook University Hospital (ECF No. 112-8); (2) a December 9, 2013 note that appears to be written by Physician Assistant Eugene King ("King"), with the accident-related work limitations used in the First Request (ECF No. 112-9); (3) Plaintiff's January 14, 2014 Second Request packet, which includes Dr. Galler's note (ECF No.

16

112-11); and (4) a November 19, 2014 note from Dr. Michael Guo, explaining Plaintiff "remains totally disabled from all work related activities" (ECF No. 112-14, together with ECF Nos. 112-8, 112-9, and 112-11, the "Disputed Medical Records"). (Defs.' Support Memo at 4.) Defendants seek to exclude the Disputed Medical Records on grounds Plaintiff did not produce certifications under Rules 803(4), 803(6), and 902, and because none of Plaintiff's witnesses can provide foundation. (Id. at 10.) Plaintiff maintains exclusion is premature and additionally claims foundation can be provided through several witnesses, including King, Dr. Galler, and Plaintiff herself. (Pl.'s Opp'n at 11-12.)

The Court agrees that exclusion of the Disputed Medical Records is premature at this stage. These documents are contemporaneous to and highly probative of Plaintiff's medical condition. Absent a clear showing of inadmissibility, Plaintiff should have an opportunity to demonstrate foundation exists. Accordingly, Defendants' Motion on the Disputed Medical Records is DENIED without prejudice. Defendants may renew their objections if Plaintiff is unable to lay the requisite foundations.

B.    EEOC Materials

Defendants additionally seek to exclude materials related to Plaintiff's EEOC proceeding (the EEOC Materials, ECF Nos. 112-16, 112-17, 112-18, and 112-19). The EEOC Materials include:

17

Defendants' position paper responding to Plaintiff's EEOC charge; the EEOC's determination letter on Plaintiff's claim; a letter from Suffolk County to the EEOC denying Plaintiff's charge; and a letter from the EEOC to the parties.  (See Generally EEOC Materials.) Defendants contend such materials are cumulative and "seek to usurp the jury's role and function."  (Defs.' Support Memo at 13-14.) Plaintiff contends the EEOC Materials relevantly record Defendants' own admissions and characterizations of events and may be useful in the event Defendants provide "shifting explanations for adverse actions [which would] constitute evidence of pretext."  (Pl.'s Opp'n at 18 (citing Kwan v. Andalex Grp., LLC, 737 F.3d 834, 846-47 (2d Cir. 2013)).) Any risk of prejudice, Plaintiff contends, can be addressed with limiting jury instructions.  (Id. at 18-19.)

The Court agrees the EEOC Materials are cumulative.  They provide no original probative insights into whether: archiving was an essential function of the Clerk Typist position; whether Plaintiff received an accommodation; or Plaintiff was retaliated against.  To the extent the EEOC Materials summarize facts related to the issues, several fact witnesses may testify to those facts. See Jackson, 2026 WL 205979, at *9 ("To the extent Plaintiff wishes to obtain testimony based on what certain witnesses [said in an excluded report], those witnesses can speak for themselves.").

18

Accordingly, the Court GRANTS Defendants' Motion; to the extent the EEOC Materials become relevant (such as, as Plaintiff argues, to establish prior inconsistent statements), Plaintiff may renew her Motion seeking their introduction at trial.

### C.   CBA Excerpt

In a three-sentence argument, Defendants assert "[t]he Collective Bargaining Agreement has nothing to do with the alleged reasonable accommodation or retaliation issues" and should accordingly be excluded.  (Defs.' Support Memo at 15 (citing Int'l Mins. and Res., S.A. v. Pappas, 96 F.3d at 586).)  Plaintiff, on the other hand, contends the collective bargaining agreement's "job description" section is relevant to "whether archiving was an essential function of Plaintiff's position" and because it may contradict Defendants' "no light duty" policy statements.  (Pl.'s Opp'n at 20-21 (citing ECF No. 112-20, the "CBA Excerpt").) Given the brevity of Defendants' argument and Plaintiff's legitimate reason for introducing the CBA Excerpt, Defendants have not met their burden on this claim; it is accordingly DENIED without prejudice to renew.

### D.   Additional Documents

Defendants' Support Memo additionally seeks an order precluding Plaintiff's Proposed Exhibits 8, 10, 13, and 17 (ECF

19

Nos. 112-10, 112-12, 112-13, 112-14, collectively the "Additional Documents") on various general hearsay, relevance, and authentication grounds, although Defendants make no substantive arguments as to any of these documents. (See Defs.' Support Memo at 16; Pl.'s Opp'n at 15-17.)[7] Such bald assertions do not satisfy Defendants' burden of demonstrating inadmissibility and are, accordingly, DENIED without prejudice to renew.

## CONCLUSION

**IT IS HEREBY ORDERED** that each of the Motions (ECF Nos. 109 and 111) is granted in part and denied in part, as summarized below and in the more fully expressed body of this ORDER:

I.   Plaintiff's Motion is GRANTED in part and DENIED in part, such that it is:

A.   DENIED as to the Pre-Accident Archive List;

B.   DENIED as to the Greenzang Documents;

C.   GRANTED as to the January 2014 Archive List;

D.   GRANTED as to the Horney Texts;

E.   DENIED as to the Disability Benefits Application; and

F.   DENIED as to the Geico Form;

---

[7] In support of her argument as to Plaintiff's Exhibit No. 10, Plaintiff's Support Memo includes a quote purportedly from Stern v. Trustees of Columbia Univ., 131 F.3d 305, 313 (2d Cir. 1997), although the quoted language does not actually appear in the opinion.

II.   Defendants' Motion is GRANTED in part and DENIED in part, such that it is

    A.    GRANTED as to the Pre-Accident Archive List;

    B.    GRANTED as to the Greenzang Documents;

    C.    DENIED as to the January 2014 Archive List;

    D.    DENIED as to the Horney Texts;

    E.    GRANTED as to the Disability Benefits Application;

    F.    GRANTED as to the Geico Form;

    G.    DENIED as to the Disputed Medical Records;

    H.    GRANTED as to the EEOC Materials;

    I.    DENIED as to the CBA Excerpt; and

    J.    DENIED as to the Additional Documents.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 12, 2026
      Central Islip, New York